UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **BZ RESULTS, LLC** | : | |
| **Plaintiff** | : | |
| **v.** | : | **C.A. No.** |
| **BOURNE BRIDGE AUTO SALES, INC.** | : | CA 07 265 T |
| **Defendant** | : | |

**COMPLAINT**

***Parties***

1. The Plaintiff, BZ Results, LLC (formerly known as B&Z Productions, L.L.C.) (hereinafter, "BZ"), is a Rhode Island limited liability corporation with its principal place of business in Coventry, Rhode Island.

2. The Defendant, Bourne Bridge Auto Sales, Inc., (hereinafter, "Bourne Bridge") is a Massachusetts corporation with its principal place of business located in South Yarmouth, Massachusetts.

***Jurisdiction/ Venue***

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the plaintiff and defendant are citizens of different states.

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(a)(2), inasmuch as the Lease Agreement, which is the subject matter of this Complaint, directs that both parties consent to the exclusive jurisdiction of the Courts of the State of Rhode Island.

***Factual Allegations***

5. On November 8, 2005, the defendant Bourne Bridge entered into a lease agreement numbered 13022051-2 with Nationwide Capital Corporation (hereinafter, "the Lease Agreement") for the lease of a Digital Marketing System. A copy of the Lease Agreement is attached hereto as Exhibit A.

6. As part of Bourne Bridge's obligations under the Lease Agreement, Bourne Bridge was to pay to Nationwide Capital Corporation Three Thousand Nine Hundred Fifty ($3,950) Dollars and no/100 per month for sixty (60) months.

7. Paragraph 14 of the Lease Agreement provides, in pertinent part, "We [Nationwide Capital Corporation] may transfer or assign our interest or any portion thereof in this Lease or the Property at any time."

8. On November 9, 2005, Nationwide Capital Corporation notified Bourne Bridge in writing that it intended to assign its rights under the Lease Agreement to Continental Bank. According to the notification, Bourne Bridge was instructed to make its January 5, 2006 lease payment directly to Continental Bank. A copy of that notification is attached hereto as Exhibit B.

9. On November 9, 2005, Nationwide Capital Corporation assigned its rights under the Lease Agreement to Continental Bank. A copy of that assignment is attached hereto as Exhibit C.

10. In accordance with the terms of the Lease Agreement, Bourne Bridge made all of its payments under the Lease Agreement from the inception of the Lease Agreement until October 5, 2006.

11. On October 5, 2006, Bourne Bridge failed to make its lease payments in accordance with the terms of the Lease Agreement.

12. On November 5, 2006, Bourne Bridge failed to make its lease payments in accordance with the terms of the Lease Agreement.

13. Paragraph 11 of the Lease Agreement provides, in pertinent part, "You [Bourne Bridge] will be in default under this Lease if: (a) you fail to make any payment required by this Lease within ten (10) days of its due date."

14. On November 22, 2006, Continental Bank notified Bourne Bridge that it was in default of its obligations under the Lease Agreement. A copy of that notification is attached hereto as Exhibit D.

15. Bourne Bridge has failed to make payments in accordance with its obligations under the Lease Agreement.

16. Paragraph 14 of the Lease Agreement further provides, in pertinent part, "All rights contained in this Lease to receive rents and other amounts under this Lease will not be subject to any claims or defenses that you [Bourne Bridge] may have against us [Continental Bank] or any other party."

17. On or about May 24, 2007, Continental Bank notified Bourne Bridge of its intention to assign its rights under the Lease Agreement to BZ. A copy of that notification is attached hereto as Exhibit E.

18. On or about April 9, 2007, Continental Bank assigned its rights under the Lease Agreement to the plaintiff, BZ. A copy of that assignment is attached hereto as Exhibit F.

19. Paragraph 12 of the Lease Agreement provides, in pertinent part:

> Upon your default under this Lease, you [Bourne Bridge] will promptly compensate us for the loss of our bargain (the "Damages"). The amount of Damages will be determined as of the time that you [Bourne Bridge] make payment to us for the Damages, and will be equal to the sum of: (a) all past due amounts owing under this Lease, (b) an estimate of any property tax which

> we will owe for the Property, (c) all amounts yet to become due under this Lease, and (d) the amount of any nominal price or estimated fair market value purchase option, the residual value which we expected to realize for the Property.

20. Paragraph 12 of the Lease Agreement further provides, in pertinent part:

> You [Bourne Bridge] will also pay for our [BZ] reasonable collection and legal costs, including attorney's fees, plus interest on all amounts due at the rate of 18% per year from the date of default until the date paid to us.

21. Bourne Bridge has failed and continues to refuse to make payments in accordance with its obligations under the Lease Agreement.

**Count I**
***(Breach of Contract)***

22. BZ incorporates by reference paragraphs 1 through 21 above as though fully alleged herein.

23. Bourne Bridge breached the Lease Agreement by failing to and continuing to refuse to make its monthly lease payments in accordance with the terms of the Lease Agreement.

24. As a direct result of Bourne Bridge's breach of the Lease Agreement, BZ has been damaged in an amount consistent with the terms and conditions of the Lease Agreement, which includes, but is not limited: to all past due amounts owing under the Lease Agreement, all amounts yet to become due under the Lease Agreement, reasonable collection and legal costs, including attorney's fees, plus interest on all amounts due at the rate of 18% per year from the date of default.

**Count II**
***(Attorneys' Fees)***

25. BZ incorporates by reference paragraphs 1 through 24 above as though fully alleged herein.

26. There is a complete absence of a justiciable issue of law or fact with respect to BZ's claim against Bourne Bridge for breach of contract, and, therefore, BZ is entitled to an award of its reasonable attorneys' fees incurred in asserting and pursuing its claim pursuant to R.I.G.L. § 9-1-45.

WHEREFORE, the plaintiff BZ demands judgment in its favor and against the defendant Bourne Bridge for damages, attorneys' fees, costs, and such other and further relief as this Court deems meet and just.

PLAINTIFF
BZ RESULTS, LLC
By its Attorneys,

Staci L. Kolb (#5451)
BLISH & CAVANAGH, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903
Telephone: (401) 831-8900
Facsimile: (401) 751-7542
slk@blishcavlaw.com